UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE RAMIREZ,<br><br>    Petitioner,<br><br>    v.<br><br>PAUL THOMPSON,<br><br>    Respondent. | Case No. 2:21-cv-01837-WBS-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT RESPONDENT'S MOTION TO DISMISS BE GRANTED<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 6 |

    Petitioner Jesse Ramirez, a federal prisoner without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. He argues that he has accrued 976 days of earned time credits toward early release under the First Step Act of 2018 ("FSA") and that he is therefore entitled to an updated release date of June 9, 2026. *Id.* at 1. Respondent has filed a motion to dismiss, ECF No. 6, arguing that petitioner's claims are not yet ripe and, in the alternative, that he has failed to exhaust his administrative remedies. Petitioner has filed an opposition, ECF No. 9, and respondent has declined to file a reply. I find that petitioner did not exhaust his administrative remedies before filing this petition and recommend that respondent's motion be granted on that basis. In so doing, I find it unnecessary to reach respondent's other arguments.

    No habeas rule specifically applies to motions to dismiss. See Hillery v. Pulley, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee

Notes."). The Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases, however. *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1991). Under Rule 4, I evaluate whether it "plainly appears" that the petitioner is not entitled to relief and, if so, recommend dismissal of the petition. Petitioner admits that he did not exhaust the administrative remedies offered by the Bureau of Prisons ("BOP") before filing this lawsuit., ECF No. 1 at 1, but he argues that exhaustion of remedies is not required because the petition presents a "narrow dispute of statutory construction." In his view, the Ninth Circuit's decision in *Fraley v. United States Bureau of Prisons*, 1 F.3d 924 (9th Cir. 1993), supports his position. In *Fraley*, the prisoner submitted an initial "request for administrative remedy" to the BOP. *Id.* at 925. That request was denied at the first level with a citation to official BOP policy. *Id.* Although the prisoner did not escalate her administrative action to the regional level, the Ninth Circuit excused that failure, stating: "because the Regional Director would almost certainly have denied her request as well, citing the same official Bureau of Prisons policy, we agree with the district court's conclusion that any further application for administrative remedies would be futile." *Id.*

Petitioner's argument is appealing at first blush, but several important distinctions convince me that it is misplaced. First, unlike the prisoner in *Fraley*, petitioner does not allege that he received a first-level response that was unlikely to be successfully appealed. Second, even if he had so alleged, BOP's FSA procedures had not yet been finalized; BOP had not rendered a final decision about how earned time credit should be considered under the FSA. ECF No. 6 at 5. Thus, petitioner could not have been certain, as the prisoner in *Fraley* was, that set policy stood against his request. Finally, in a more recent decision, the Ninth Circuit declined to excuse exhaustion where a prisoner argued that the BOP had exceeded its statutory authority under the FSA. *See Ahmad v. Jacquez*, 860 F. App'x 459, 462-63 (9th Cir. 2021). Other courts in this circuit have reached the same conclusion. *See, e.g.*, *Mitchell v. Ponce*, No. 2:21-03315 ADS, 2022 U.S. Dist. LEXIS 29706, *10 (C.D. Cal. Feb. 7, 2022); *Butler v. Bradley*, No. CV 20-11211 DMG (RAO), 2021 U.S. Dist. LEXIS 49760, *6 (C.D. Cal. Feb. 22, 2021) (rejecting futility of

exhaustion argument, but reaching the merits based on petitioner's argument that prison officials refused to provide him with grievance forms).

For the foregoing reasons, I RECOMMEND that respondent's motion to dismiss, ECF No. 6, be GRANTED and the petition be dismissed without prejudice.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    April 12, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE